*J. R. Swan, J.
This petition in error, in the nature of a bill of review, was authorized by the act of April 10, 1856 (53 Ohio L. 179) , entitled, “ an act in addition to the several acts in relation to the courts of justice and their powers and duties,” which provides: “Section 4. A petition in error, in the nature of a bill of review, may, on leave of the Supreme Court, or any judge thereof, be filed in the Supreme Court, to reverse or modify, any decree in chancery that heretofore has been or that hereafter shall be rendered in any district court in this state, in which the title to real estate is in controversy, or the amount in controversy is not less than five hundred dollars, and the proceedings upon said petition in error, shall, in all respects, be governed by the act of the general assembly of the State of Ohio, passed February 24, 1848, entitled, ‘ an act to disjiense with the necessity of copying the papers in bills of review, and for other purposes;’ and the act of March 18,1851, entitled ‘ an act to amend the act directing the mode of proceeding in chan *179 eery provided, however, that the provisions of this section shall not extend to suits that shall have been commenced since the 1st •day of July, A. d. 1853 ; and provided, also, that said petition in ■error shall be filed within three years from the time of the rendition of said decree so sought to be reversed or modified.”
I. It is insisted, on the part of the counsel- for the defendant in •error, that no order for the stay of execution on the decree of the ■■district court can be made, because the act above referred to, is unconstitutional and void, because it contains more than one subject, and that the subject of the act is not clearly expressed in its' ■title.
The provision of the constitution is as follows.:
“ Art. II, Sec. 16. Every bill shall be fully and distinctly read •on three different days, unless, in case of urgency, *three- [179 fourths of the house in which it shall be pending, shall dispense with this rule. No bill shall contain more than one subject, which ■shall be clearly expressed in its title; and no law shall be revived •or amended, unless the new act contain the entire act revived, or the section, or sections amended; and the section, or sections so amended, shall be repealed.”
This court held, in the case of Miller and Gibson v. The State, 3 Ohio St. 475, that the provisions of the above section, relating to the distinctness required in reading a bill, and the number of times a bill shall be read, were, as they in fact import, intended as permanent rules for the proceedings of the houses. They are directory ■only, and are to be enforced by the houses, and not by judicial interposition. The further provision, in the same section, that no bill shall contain more than one subject, which shall be clearly ■expressed in its title, is also made a permanent rule in the intro'duction and passage of bills through the houses. The subject of the bill is required to be clearly expressed in the title, for the purpose of advising members of its subject, when voting in cases in which the reading has been dispensed with by a two-thirds vote. ‘The provision that a bill shall contain but one subject, was to prevent combinations, by which various and distinct matters of legislation should gain a support which they could not if presented separately. As a rule of proceeding in the general assembly, it is manifestly an important one. But if it was intended to effect any practical object for the benefit of the people, in the examination, construction, or operation of acts passed and published, we are *180, 181 unable to perceive it. The title of an act may indicate to the reader its subject, and under the rule each act would contain one subject. To suppose that for such a purpose the constitutional convention 180] adopted the rule under consideration, *would impute to them a most minute provision for a very imperfect heading of the chapters of laws and their subdivision.
This provision being intended to operate upon bills in their progress through the general assembly, it must be held to be directory only. It relates to bills and not to acts. It would be most mischievous in practice, to make the validity of every law depend upon the judgment of every judicial tribunal of the state as to whether an act or a bill contained more than one subject, or whether this one subject was clearly expressed in the title of the act or bill. Such a question would be decided according to the mental precision and mental discipline of each justice of the peace and judge. No practical benefits could arise from such inquiries. We are therefore of the opinion, that in general the only safeguard against the violation of these rules of the houses, is their regard for, and their oath to support the constitution of the state. We say in general the only safeguard : for whether a manifestly gross and fraudulent violation of these rules might authorize the court to pronounce a law unconstitutional, it is unnecessary to determine. It is to be presumed that no such case will ever occur.
II. It is further insisted by the counsel for the defendant in error that the fourth section of the act of April 10, 1856, under which this proceeding was instituted, provides that the proceedings shall be governed by the act of March 18, 1851 (Swan’s Rev. Stat. 692, note), which authorizes a judge in vacation, “ and upon good cause, to stay proceedings on the former decree until the next term of the court where such proceeding is pending,” and that, inasmuch as no reference is made in the act of April 10, 1856, to the old chancery act of 1831, and which has been repealed, this court has no authority 181] to allow a further stay of proceedings. It *is sufficient to say that the authority of a judge of this court in vacation to stay proceedings until the next term of this court carries with it, as an incident, a ppwer in this court to continue the stay.
III. The counsel for the defendant ask the court on the motions now before us, to examine and determine upon argument, whether the errors assigned are well taken ; and if the court find that the de-' cree of the district court ought to be affirmed, then to refuse a further *182 stay of proceedings on the decree. Such 'a practice would be irregular, and can not be sanctioned.
IV. The counsel for the defendant have argued the errors assigned, and insist that if they are sustained they still leave a portion of the amount of the decree still due the defendant in error, and they ask that the stay if granted may be limited to the amount involved in the errors assigned. When the decree below is for money only, and is divisible, and the assignment of error affects only a specific ■ sum, it would be proper to stay execution for a specific sum only. But in the case before us, the record does not show any specific-sum, but on the contrary, the amount covered by the assignment of errors is uncertain; and the errors patent and assigned are so - stated that the order of stay must necessarily be general.
V. The judge in vacation allowed a stay of proceedings under the decree. This order was temporary and ex parte. It ceases to operate when this court adjourns. An order of this court is necessary to continue the stay. Upon that motion the court may require the plaintiff in error to show good cause for the order. The decree may have been such that the stay should cease when the court sits, and the order of the judge may have fulfilled the object intended. If, however, no objection is made to an order of stay by the court, it would be entered of course. Objection is made in *this case, [182 and we are of the opinion that the plaintiff should show cause for the order.
Bartley, C. L, and Brinkerhoee, Bowen, and Scott, JJ., concurred.